# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MARIAN ANTOINETTE CONYERS, ) | |
| ) | No. 2:13-cv-02539-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| VILLEGAS JULIANA OSPINA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on a motion to remand brought by plaintiff Marian Conyers ("Conyers"). For the reasons stated below, the court denies the motion.

## I.  BACKGROUND

On June 5, 2013, Conyers filed this action in the Court of Common Pleas in Clarendon County. In her complaint, Conyers alleges that she was injured on December 22, 2011 when defendant Villegas Ospina ("Ospina") disregarded a stop sign and failed to yield the right of way to Conyers's vehicle as Ospina's vehicle exited Interstate 95 and turned onto U.S. Highway 521. Conyers alleges that when she swerved to avoid Ospina, her car hit the Highway 521 median and overturned. Conyers' complaint alleges that Ospina's actions were negligent, grossly negligent, and reckless.

On September 17, 2013, Ospina removed this action to this court, alleging diversity jurisdiction on the basis that Ospina is a resident of Virginia, Conyers is a resident of South Carolina, and the amount in question exceeds $75,000. Notice of Removal ¶¶ 2, 3.

After the case was removed to federal court, a woman named Lenore Brunson – who apparently was a passenger in Conyers' car during the accident – filed a complaint

1

in Clarendon County circuit court against both Conyers and Ospina. Brunson's complaint asserts that she suffered injuries as a result of both Conyers' and Ospina's negligence, gross negligence, and recklessness. Pl.'s Mot. to Remand, Ex. 1.

On November 12, 2013, Conyers filed the instant motion, requesting that the court remand her suit to state court so that it can be consolidated with Brunson's lawsuit. Pl.'s Mot. ¶ 5. Conyers argues that remand "would be in the interest of judicial economy." Id. The motion is fully briefed and is ripe for the court's review.

## II.   DISCUSSION

Conyers asks the court to remand the case because it would be more efficient for her suit to be consolidated with Brunson's suit, and for both suits to be tried by the circuit court for Clarendon County.

28 U.S.C. § 1441(a) provides that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

When removal is based solely on diversity jurisdiction, however, an otherwise-removable case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Federal law also requires that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction[1] must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

Ospina removed the case to this court on September 17, 2013. Conyers moved to remand on November 12, 2013, well after her 30-day deadline to seek remand on the

---

[1] Section 1447(c) explains that "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

basis of anything other than subject matter jurisdiction. Moreover, district courts do not have the authority to remand a case for discretionary reasons such as judicial economy. See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345 (1976), abrogated on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996) (stating that the district court "exceeded its authority by remanding on grounds not permitted by the controlling statute"); E.D. ex rel. Darcy v. Pfizer, Inc., 722 F.3d 574, 579 (4th Cir. 2013) ("A district court exceeds its statutory authority when it remands a case on grounds that seem justifiable to the court but which are not recognized by the controlling statute.") (internal quotations omitted). While it may well be more efficient for this case to be consolidated with Ms. Brunson's civil action, granting the motion to remand on these grounds would have no basis in federal law.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion to remand, ECF No. 14.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 16, 2013**
**Charleston, South Carolina**

3